CITIZENS STATE BANK OF MARIANNA, FLA., *v.* CITY OF JACKSON *et al.*

(Division B. April 29, 1940.)

[195 So. 585. No. 34141.]

Alexander & Satterfield, of Jackson, for appellant.

**W. E. Morse,** of Jackson, for appellees.

566

**Ethridge, J.**, delivered the opinion of the court.

On the 8th day of August, 1939, the Citizens State Bank of Marianna, Florida, a corporation under the Laws of the State of Florida, filed a bill of complaint in attachment in a Chancery proceeding against the City of Jackson, Mississippi; I. E. Bennett, a citizen of Hinds County, Mississippi, and keeper of the zoo belonging to the City of Jackson; the Mighty Haag Shows, Incorporated; Mrs. Alice Haag, President, and Helen Haag Hayes, Secretary-Treasurer; alleging that:

On the 8th of March, 1939, the Mighty Haag Shows, acting through the president and the secretary-treasurer, for valuable consideration, executed a promissory note to the complainant in the sum of $3700, due April 1, 1939, which provided for ten per cent interest per annum from maturity, together with all costs of collection, including ten per cent of principal and interest as attorney's fee; the said note being endorsed in blank by the said Mrs. Alice Haag and Helen Haag Hayes; and to secure the payment of this note, there had been deposited as collateral security three notes of Bennie R. Bewley aggregating $700, which were also secured by chattel mortgage covering "all equipment of the Mighty Haag Shows, Incorporated, including tents, seats, trucks and animals." Copy of the note and chattel mortgage were filed as exhibits. It was further alleged that Mrs. Alice Haag and Helen Haag Hayes had full authority to act for the said

corporation. It was then alleged that there was a credit on the note of $274, leaving a balance of $3426, with interest from April 1, 1939; that said note had been turned over to an attorney for collection, and that interest of ten per cent had accrued on the principal and interest as attorney's fees, making the total demand under the note the sum of $3903.63.

. It was still further alleged that: within the last few months Mrs. Alice Haag and Helen Haag Hayes (acting for, and with full authority to act for, said corporation) moved from the State of Florida to the City of Jackson, Mississippi, bringing with them a large part of the said Mighty Haag Shows, such as equipment and animals, which they left at the zoo in the City of Jackson under the personal charge of I. E. Bennett, Superintendent of the zoo, on which they had a lien as the loan had been secured in part by chattel mortgage which covered the same; so far as known, the animals thus left with the Superintendent of the city zoo in Jackson (description of the animals and equipment being set forth) were under the jurisdiction of the court and in the custody of the City of Jackson and I. E. Bennett; that the Mighty Haag Shows, Mrs. Alice Haag and Helen Haag Hayes were non-resident, absent or absconding debtors; that the City of Jackson and I. E. Bennett had in their hands effects which, under the law, could be subjected to the payment of the debt as the court might decree; that the property was subject to the jurisdiction of the court and to be sold to satisfy the remaining debt; and the appellant prayed for an attachment in chancery, publication for the non-resident defendants, for service of process upon the City of Jackson and I. E. Bennett, requiring them to appear at the September, 1939, rules of the court to plead, answer or demur to the bill, answer under oath being waived except as to the discovery prayed for; and for a decree fixing the amount of their debt; and for the condemnation of the property to satisfy the debt, and for a lien upon the property within the jurisdiction of the court.

A citation was published for the Mighty Haag Shows, Mrs. Alice Haag and Helen Haag Hayes, alleging that their last known post office address was Marianna, Florida, but whose present post office address was unknown, demanding that they appear before the Chancery Court of the First District of Hinds County on the 1st Monday of September, 1939, to defend the said suit, which appeared in three issues of a newspaper published within the county as required by law. The city filed a motion for the security of costs in the suit, but the record does not show any disposition of this motion. The city then demurred to the bill, which demurrer was overruled. Thereupon, they filed an answer admitting the possession of the said animals which had been turned over to the City by Mrs. E. Haag of Montgomery, Alabama. (It appears that Mrs. Haag was also known as Alice Haag.) They denied any knowledge of the whereabouts of the Mighty Haag Shows, Mrs. Alice Haag or Helen Haag Hayes, but admitted possession of certain animals described in Exhibit A to the bill of complaint. They stated that they did not know of any other person indebted to, or who had the effects of, the Mighty Haag Shows in their possession; neither did they know where any person indebted to the complainant resided. Mr. Bennett stated that the property did not belong to the city or the zoo, and that they were ready to deliver the chattels to the sheriff; and suggested that Mrs. E. Haag and Helen Haag Hayes, who claimed to be the owners of said property (as shown by Exhibit A), be summoned.

On March 27, 1939, Mrs. E. Haag, by W. A. Haag, wrote a letter to the City of Jackson, as follows:

"The City of Jackson,

"Jackson, Mississippi.

"Dear Mayor & Commissioners

"We have in our possession:

| | |
|---|---|
| 4 Rhesus | 1 Wallaby |
| 1 Java | 1 Lion |
| 1 Chacma | 1 Tiger |
| 1 Sphinx | 1 Wart Hog |

which we desire to loan to the City of Jackson on the following terms and conditions:

"The City is to transport said animals from Montgomery, Alabama, to the Zoo in Jackson, Mississippi.

"Said animals to be placed in care of Mr. I. E. Bennett or his successor in office, and are to be given the ordinary and usual care.

"The City of Jackson is not to be responsible for the health and condition of said animals in any manner whatsoever, they being placed in Mr. Bennett's care at our sole responsibility.

"These animals will be held at Livingston Park Zoo until picked up by Mrs. E. Haag or their authorized agent.

"It is understood and agreed by us that by the acceptance of these animals by you that you are to incur no liability whatsoever for the loss or for accidents to said animals.

"It is understood and agreed that one of our trucks will be used in delivery of said animals for which the City of Jackson incurs no responsibility for same.

(Signed)  "Mrs. E. Haag,

     by W. A. Haag."

This letter had noted on it "Received of Mrs. E. Haag Shows the above described animals and truck on the above conditions and on terms stipulated above for the City of Jackson, Mississippi. (Signed) H. M. Carmichael. (Signed) I. E. Bennett."

On the 11th day of August, 1939, the attorney for the City of Jackson addressed to the attorneys for the complainant the following letter:

"Messrs. Alexander & Satterfield,

"Attorneys at Law,

"Capital National Bank Building,

"Jackson, Mississippi.

"Gentlemen:

"Enclosed you will find copy of letter by which the City of Jackson came into possession of certain personal

property. This letter was signed by Mrs. E. Haag. It does not say anything about the Mighty Haag Shows. It does not show the names of Mrs. Alice Haag or Helen Haag Haynes.

"The City of Jackson does not know of the Mighty Haag Shows, Mrs. Alice Haag or Miss Helen Haag Haynes. Mr. Bennett stated that these animals could be loaned to the City, and they were loaned to the City by this agreement. If you think of attaching these particular animals, which you seem to do, you will have to see that some provision is made for their upkeep. The mortgage that is attached to the bill as Exhibit 'B' states 'trucks and animals.' The bill charges that we have two elephants along with certain other personal property.

"I have not had an opportunity to check up the authorities. We do not care to hold the animals, however. If you will tell us whom to deliver them to in Jackson we will be glad to release the animals that we have.

"However, this letter puts both you and the Citizens State Bank of Marianna, Florida, on notice that on and after this date we will expect pay for the keeping and feed of the animals.

"Yours truly,
"W. E. Morse."

It appears from the record that the complainant did not take charge of the animals and truck, turn it over to anyone, or designate anyone to take charge of the said property. There was no appearance of the defendants, the Mighty Haag Shows, Mrs. E. (or Alice) Haag or Helen Haag Hayes, and a decree pro confesso was taken against them. The city filed a claim for feeding and caring for the animals and caring for the equipment after the service of process—$580.32 being for expenses for the time of the service of process to the date of the decree ordering the sale, and subsequent expenses accruing between the time of ordering the sale and the decree confirming the sale of $119.68, making a total expense account of $700. The property was ordered sold by the chancery

court, at which time a bid of $700 was made, which was confirmed—the city becoming the purchaser of the property for the said amount. The complainants appeal from the decree adjudging that the city was entitled to the expenses allowed it for the feeding and care of the animals, contending that the city, under the letter of acceptance from Mrs. E. Haag, was under obligation to keep and care for the animals and equipment at its expense, and that therefore it was not entitled to recover such expense for caring for the animals pendente lite. They contended further that the city was obligated under a contract to continue to care for the animals and equipment until the Mighty Haag Shows or Mrs. E. Haag, the owners, called for them, and that it had no right to recover by imposing the lien or charge upon the property held by it under the said letter above quoted from Mrs. E. Haag.

We are of the opinion that when persons sue out an attachment in the chancery court, they are chargeable with the expense resulting from the attachment, although no bond is required of them for suing out the attachment. When the property was impounded by the attachment proceeding in chancery, the rights of the city to turn the property over to the owners ceased to exist. The provisions in the contract to hold the property until called for by Mrs. E. Haag or the Mighty Haag Shows, or other persons owning the animals and equipment, necessarily implied that the property would be taken up or called for within a reasonable time. No definite time was fixed for the redelivery of the property, and the city was not bound to keep the property indefinitely at its expense. It had the right at any time to notify the owners of the property to take charge of it, and to recover from the owners the expense of caring for the property if not called for in compliance with such notice.

When the bill was served upon the city and Mr. Bennett, the property ceased to be subject to the control or demand of either the City of Jackson, the Mighty Haag

Shows or Mrs. E. Haag (Mrs. Alice Haag). It was then in the custody of the court. It is argued by the appellant that the city had a right to deliver the property to the sheriff and acquit itself of any expense if it did so. We do not find any authority in an attachment in chancery proceeding for the sheriff to take charge of the property. Attachment in chancery is different from attachment at law, for an attachment at law requires the sheriff to take charge of the property unless either the complainant or the defendant gives bond prescribed by law, and there is no such provision in the law of attachment in chancery and no such proceeding is contemplated. The two methods of attachment are entirely different. See Craig v. Gaddis, 171 Miss. 379, 157 So. 684. It is true that the chancery court has the power, incident to its jurisdiction, to make appropriate orders for the custody and care of property impounded under attachment proceedings so as to preserve the subject matter of litigation until the final determination thereof; but, the complainant, having instituted the suit, must be the one to pay this expense, and, if on the final decree, the complainant does not get a judgment or decree relieving it of the responsibility, it continues to be liable for the expense incident and necessary to the preservation and care of the property. In the case before us, it would have been practically impossible for the sheriff to have taken charge of the property on account of the wild and dangerous nature of the animals involved, and owing to the absence of any place provided for the sheriff to keep such property pending litigation. Had the court made an order at the instance of the complainant, or of the defendant, it would have been necessary to have secured the equipment in possession of the city, and the expense of caring for the animals pendente lite would have been charged against the animals or to the complainant.

It turns out, in the present case, that the attachment for the complainant was a fruitless effort to collect its

debt. It did not choose to take charge of the property and foreclose under its deed of trust as it might have done, but rather chose to attach in chancery on the theory perhaps that it would be relieved of the expense of caring for the animals during the pendency of the litigation; but, in this, they were mistaken. The animals and truck were seized at its instance and for its benefit, and it did not choose to protect its interest by bidding a higher sum than the amount bid by the city. We find no error in the proceedings of the court below, and the judgment is affirmed.

Affirmed.